UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TERRIS WILLIAMS,

                             PLAINTIFF,      **AMENDED COMPLAINT**

      -AGAINST-                                   **15-CV-4855**

NEW YORK CITY, POLICE OFFICER MARCEL
FRANCIS and SERGEANT KWAME KIPP, individually,
and in their capacity as members of the New York City
Police Department,

                             DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Terris Williams ("Mr. Williams") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 10, 2015, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Williams to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Williams, is a 29-year-old citizen of the United States and at all times here relevant resided at 29 East 104th Street, Apt 54, New York, NY 10029.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Marcel Francis ("PO Francis") and Sergeant Kwame Kipp ("Sgt. Kipp") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Williams is 29-years old and has worked in the service industry.

11. On or about May 9, 2015, Mr. Williams was visiting family at his uncle's home in Brooklyn.

12. At approximately 1:00 am the next morning, Mr. Williams left his uncle's home and intended to get the subway home.

13. Mr. Williams was walking south on Marcy Avenue towards the subway station at Myrtle-Willoughby.

14. Mr. Williams made eye contact with the driver of a passing car.

15. The car then stopped and started to reverse towards Mr. Williams.

16. Fearing for his safety, Mr. Williams started to walk faster towards the subway station.

17. The car pulled up beside Mr. Williams and PO Francis and Sgt. Kipp got out of the car.

18. Mr. Williams was unaware that the individuals were police officers and was greatly concerned for his safety.

19. One of the individuals asked Mr. Williams what he was doing.

20. The individual then pulled out his police badge.

21. Mr. Williams backed up and put his hands up.

22. The police officers approached Mr. Williams.

23. Sgt. Kipp grabbed Mr. Williams from behind and slammed him onto the ground.

24. Mr. Williams landed on his hip and was in excruciating pain.

25. Sgt. Kipp then kicked Mr. Williams on his lower back.

26. PO Francis sat on top of Mr. Williams and forced his forearm onto Mr. Williams' neck.

27. PO Francis then repeatedly punched Mr. Williams on his face.

28. Mr. Williams shouted that he was not doing anything.

29. PO Francis then handcuffed Mr. Williams behind his back.

30. The handcuffs were extremely tight and caused Mr. Williams severe pain.

31. Mr. Williams told both Police Officers that the handcuffs were too tight and requested that the handcuffs be loosened.

32. The police officers refused Mr. Williams' request.

33. Mr. Williams was then thrown into the rear of the unmarked car.

34. PO Francis sat in the rear of the car and started to wipe Mr. Williams' face with a tissue.

35. Mr. Francis stated, in sum and substance, that he did not want Mr. Williams' blood all over his car.

36. Mr. Williams was taken to the 79th Precinct, where he was held for several hours.

37. Mr. Williams was given a Summons for Disorderly Conduct - Violent and Threatening Behavior.

38. On or about July 10, 2015, Mr. Williams attended court and all charges were dismissed.

39. Mr. Williams continues to feel traumatized by the events of May 2015, and is wary and fearful when he sees police officers.

40. Mr. Williams takes efforts to avoid police officers when in public.

41. Mr. Williams suffered physical injuries as result of the incident, including cuts, scrapes and bruises to his head and hip, and injuries to his back.

42. Mr. Williams suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

43. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

44. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

45. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

46. Defendants confined plaintiff.

47. Plaintiff was aware of, and did not consent to, his confinement.

48. The confinement was not privileged.

49. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

53. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

54. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

56. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

57. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

58. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

59. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

60. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

61. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

62. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

63. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

64. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

>In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

>Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          December 15, 2015

                By:        /s/
                     Malcolm Anderson (MA4852)
                     PetersonDelleCave LLP
                     Attorney for Plaintiff
                     233 Broadway, Suite 1800
                     New York, NY 10279
                     (212) 240-9075